Morning, may it please the court, I'm Christopher Dubie, appointed counsel for Jonathan Bohannon. In this matter, this is an appeal of a sentence imposed by Judge Hall concerning a rather narrow issue about whether or not any amounts above the amounts indicated in the statute. And just for reference, that's 500 grams of cocaine or 280 grams of cocaine base is appropriate to be used in a sentencing guideline calculation that was used in this case by the district court. It is our position, and as I think is really the sole issue in my brief, is that the only thing the district court was entitled to rely on were those quantities and not quantities that were attempted or introduced by the government during the Fatico hearing in this case. The court heard testimony from two witnesses, three altogether, but two witnesses that spoke to the drug quantity amounts. It's the defense's position that Special Agent Michael Zook is the main witness to testify as to the quantities. Tavar Johnson, the first witness to testify at the Fatico hearing, was able to put Mr. Bohannon present with some of the co-conspirators but not to any specific quantity. That is the essence of the argument that I'm proffering. The district court based its guideline calculations on 6,116 grams of cocaine and 346.2 grams of cocaine base. And that altered the guidelines upward, which Judge Hall then departed downward from but still in excess of what? So the argument is that it was improper to rely on the intercepted conversations between Mr. Bohannon and Mr. Hanks? Part and parcel, that is the case, Judge. What I'm saying is that what's indicated in those wiretap intercepts, all of which were being discussed by Mr. Bohannon and his co-conspirators. And what had happened was that Agent Zook testified during trials to what his understanding of what was being discussed was. But he, to his credit, I think, testified in a, I guess, conditional is the right way, but he used words like assume and pretty clear and likely, but he was never able to say demonstratively what drugs were being discussed. I think then at that point, the court is left to speculate to some degree. And I think it's the decision of this panel is what will control as to whether or not that speculation was too great. Well, didn't Mr. Bohannon's co-defendant testify that Hanks sold cocaine generally in 100 gram units and then the intercepted conversations had references to 100 or multiples of 100? That's part of the evidence that was relied on to infer that they were talking about cocaine. There were also references to cooking and the judge could also weigh in the cocaine that was recovered at the time of arrest in making a determination that the intercepted communications were about cocaine. Am I, isn't that right? Yes, that is right. Beyond that, Your Honor and members of the panel, I don't, I'm content on relying on that fort in my brief unless there's something else that the panel needs to know from me. Thank you. Let me please the court, Rahul Kale on behalf of the United States. Your Honor, I don't think any party disagrees that Mr. Bohannon was on the drug counts to be sentenced to a 10 year mandatory minimum. And that's exactly what the judge did here actually. She sentenced on the two drug counts to 120 months and then Judge Hall for the guns and the 100 rounds of ammunition that were found along with the crack cocaine, she sentenced him to 40 consecutive months on count 15. So in essence here, even though we've spent a lot of time on a guidelines calculation, the judge one came, Judge Hall came in for an under guidelines sentence overall. And second, she's actually on the drug part of it sentenced him to the bare minimum that she could. So in light of that, and in light of the fact that she also found him to be based on Tavar Johnson's testimony to be someone who had a violent background, that judge appropriately considered the 3553A factors. And most importantly, I think, Your Honor, Judge Hall, Your Honors, Judge Hall noted that she would have given the same sentence no matter what the guidelines were. So for those reasons, Your Honor, we respectfully ask that the judgment be affirmed, unless Your Honors have any questions. Thank you, Your Honor. Thank you. Thank you both for coming in. Thank you for your argument. The last case is on submission. So I will ask the clerk to adjourn court.